# United States Court of Appeals for the Fifth Circuit

---

No. 23-10071
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alexander Yoichi Duberek,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-101-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alexander Yoichi Duberek appeals the above-guidelines sentence of life imprisonment imposed following his guilty plea to interstate domestic violence resulting in the death of the victim. *See* 18 U.S.C. § 2261(a)(1), (b)(1). Duberek contends that his sentence is procedurally and substantively

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

unreasonable. Specifically, he argues that the district court erred by determining that he did not suffer from serious coercion, blackmail, or duress. Therefore, he asserts, the court's variance in this case failed to give proper weight to that serious coercion, blackmail, and duress and represented a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors.

We review both the procedural and substantive reasonableness of the district court's sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). At sentencing, Duberek attempted to demonstrate that he traveled from California to Texas to murder the victim in response to serious coercion, blackmail, or duress caused by the victim. The district court considered that evidence and concluded that it did not materially mitigate other sentencing factors, including the degree of premeditation and violence of the offense. The district court's assessment of the limited persuasiveness or weight of Duberek's evidence relative to the undisputed facts of the premeditated murder was not "illogical or implausible," and Duberek therefore has not shown that the sentence is procedurally unreasonable. *United States v. Hebert*, 813 F. 3d 551, 561 (5th Cir. 2015) (internal quotation marks and citation omitted).

As to substantive reasonableness, following a detailed discussion of the § 3553(a) factors in light of the offense and Duberek's evidence regarding his motive, the district court determined that the only reasonable sentence was life imprisonment. Because we are not persuaded that the district court erred in its weighing or balancing of the § 3553(a) factors or in determining that the extent of the variance was warranted, Duberek fails to show that the life sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-51; *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

For the foregoing reasons, the judgment of the district court is AFFIRMED.